UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


CHRISTOPHER MATTHEW LEWIS,


                    Petitioner,

vs.                                    Case No. 3:08-cv-1067-J-34TEM


WALTER A. MCNEIL,
et al.,
                    Respondents.

_____


### ORDER OF DISMISSAL WITH PREJUDICE[1]

     Petitioner Christopher Matthew Lewis, an inmate of the Florida

penal system who is proceeding pro se, initiated this action by

filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to

28 U.S.C. § 2254 on September 24, 2008.[2]  Thereafter, Petitioner

filed an Amended Petition and a Second Amended Petition (Doc. #16),

_____

     [1] This is a "written opinion" under § 205(a)(5) of the E-
Government Act and therefore is available electronically.  However,
it has been entered only to decide the matters addressed herein and
is not intended for official publication or to serve as precedent.

     [2] The Petition (Doc. #1) was filed in a United States District
Court on September 24, 2008; however, Petitioner did not sign or
date the Petition.  Since Petitioner has not complied with Rule
3(d), Rules Governing Section 2254 Cases in the United States
District Courts, this Court will use the file date of September 24,
2008, when calculating the one-year limitations period under 28
U.S.C. § 2244(d).  Even assuming that Petitioner handed the
Petition to prison officials seven to ten days earlier than the
file date, the Petition is still late.  However, this Court will
give Petitioner the benefit of the mailbox rule with respect to his
pro se inmate state court filings when calculating the one-year
limitations period.

which is now the operative Petition in this Court.    Petitioner

challenges a 2005 state court (St. Johns County, Florida) judgment

of conviction for lewd and lascivious molestation upon a child

under twelve years of age.

The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) imposes a one-year statute of limitations on petitions for

writ of habeas corpus.  Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d).  See Respondents' Response to Petition (Response) (Doc. #20).[3]  On April 3, 2009, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #17), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply.  As of the date of this Order, Petitioner has not submitted a brief in reply.

The following procedural history is relevant to the one-year limitations issue.  On June 30, 2004, Petitioner Lewis was charged in St. Johns County, Florida, with lewd and lascivious molestation upon a child under twelve years of age. Resp. Ex. B at 45.  After a trial, Resp. Ex. E, the jury found Petitioner guilty as charged. Resp. Ex. B at 92, Verdict.  On October 19, 2005, the trial court adjudicated Petitioner guilty and sentenced him to thirty years of incarceration.  Resp. Exs. F; B at 148-52.

On appeal, Petitioner's counsel filed an initial brief, and the State filed an answer brief.  Resp. Ex. G.  On August 22, 2006, the appellate court per curiam affirmed Petitioner's conviction and

---

[3] The Court will refer to Respondents' exhibits as "Resp. Ex."

sentence without issuing a written opinion, see Lewis v. State, 936 So.2d 582 (Fla. 5th DCA 2006); Resp. Ex. H, and the mandate issued on September 8, 2006, Resp. Ex. H. Petitioner did not seek review in the United States Supreme Court.

Petitioner's conviction became final on November 20, 2006 (90 days after August 22, 2006). See Response at 4; Sup. Ct. R. 13.3. Because Petitioner's conviction was after April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (November 20, 2007). His Petition, filed on September 24, 2008, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

On October 2, 2006, Petitioner filed a pro se motion to reduce or modify sentence pursuant to Fla. R. Crim. P. 3.800(c), which was denied on January 17, 2007.[4] Resp. Ex. J. On October 5, 2006, Petitioner filed a pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, which was dismissed on February

---

[4] A Rule 3.800(c) motion does not toll the time under the AEDPA because it is only a means to seek a reduction of a legal sentence and is not an attack on the constitutionality or legal correctness of a sentence or judgment. See Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1297 (11th Cir. 2008). Therefore, a Rule 3.800(c) motion does not qualify as an "application for State post-conviction or other collateral review with respect to the pertinent judgment" under 28 U.S.C. § 2244(d)(2). See id. Upon review, the 3.800(c) motion does not challenge the legality of the sentence, but rather seeks a reduction of the sentence based upon mitigating circumstances. See Resp. Ex. J. Nevertheless, even if the Court were to construe the motion as a tolling motion, the Petition is still late.

12, 2007, without prejudice to Petitioner's right to refile a motion alleging sufficient grounds for the relief sought. Resp. Ex. K. Petitioner did not refile the motion and did not appeal the trial court's ruling. <u>See</u> Response at 2. Thus, after the thirty-day appeal period expired on March 14, 2007, <u>see</u> Rule 3.850(g), the one-year period of limitations began to run again on March 15, 2007,[5] and ran for five hundred and fifty-nine (559) days until Petitioner filed the original Petition on September 24, 2008. Thus, the Petition was filed more than six months late.

Petitioner has failed to set forth any facts supporting a conclusion that he is entitled to equitable tolling. <u>See</u> Second Amended Petition (Doc. #16) at 14. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007); <u>see</u> <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); <u>see</u> <u>also</u> <u>Brown v. Barrow</u>, 512

---

[5] On October 10, 2007, Petitioner, through counsel, filed a motion to reduce sentence pursuant to Fla. R. Crim. P. 3.800(c), which was denied on October 23, 2007, <u>see</u> Resp. Ex. I; however, as previously stated, a Rule 3.800(c) motion does not toll the one-year period of limitations. <u>Alexander</u>, 523 F.3d at 1297. Upon review, the 3.800(c) motion filed by Petitioner's counsel does not challenge the legality of the sentence, but rather seeks a reduction of the sentence based upon mitigating circumstances. <u>See</u> Resp. Ex. I.

F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve

encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss the action with prejudice, contained in their Response to Petition (Doc. #20), is **GRANTED.**

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

5.	If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of January, 2010.

MARCIA MORALES HOWARD
United States District Judge

sc 1/4
c:
Christopher Matthew Lewis
Ass't Attorney General (Morris)